

FILED

JUNE 19, 2009
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

_____

| | | |
|---|---|---|
| GEORGE DARNELL BRADLEY, PRO SE, | § | |
| County No. 59286, | § | |
| State No. 270642, | § | |
| Fed. No. 15678-077, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 2:09-CV-0120 |
| | § | |
| POTTER COUNTY | § | |
|    COMMISSIONERS COURT, | § | |
| BRIAN THOMAS, ROGER HANEY, and | § | |
| NFN PEREZ, | § | |
| | § | |
|     Defendants. | § | |

## REPORT AND RECOMMENDATION

Plaintiff GEORGE DARNELL BRADLEY, acting pro se and while a prisoner confined in the Potter County Detention Center, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and was granted permission to proceed *in forma pauperis*.

Plaintiff states he has been in and out of the criminal justice system since 1972 and was arrested most recently in April 2009. He says he wants to represent himself, as he has done on a number of occasions over the years, but complains he does not have access to the legal materials he needs to do so. By his response to the Court's Briefing Order, plaintiff further explains that, since his April 2009 arrest, he has twice been offered and has refused the services of appointed

counsel.  Further, the Judge of the 108th Judicial District Court, Potter County, Texas, has appointed plaintiff a standby attorney "in the event [plaintiff] decides he wants assistance of counsel, and to advise him of procedural issues if he desires to take advantage of that advice." The trial judge has also ordered that "whatever access to legal precedent, law library, or other similar facilities and resources [the] jail routinely provides to unrepresented inmates, should be accorded to [plaintiff]."

Plaintiff requests the County be required to provide an inmate law library or transport inmates to the county law library, or that some other system be created that will provide effective access to the court.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C.

---

[1]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

In *Faretta v. California*, the Supreme Court recognized the Sixth Amendment's guarantee of assistance of counsel was not obligatory as to the defendant, but included a correlative right to reject counsel and represent oneself.  *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).  The Court specifically noted that a criminal defendant who exercises his right to reject counsel necessarily relinquishes many of the benefits associated with representation by counsel.  *Id.*  Later construing *Faretta*, the Supreme Court observed, "it is clear that *Faretta* says nothing about any specific legal aid that the State owes a pro se criminal defendant."  *Kane v. Garcia Espitia*, 546 U.S. 9, 10, 126 S.Ct. 407, 408, 163 L.Ed.2d 10 (2005).

In *Bounds v. Smith*, the Supreme Court found convicted inmates enjoy a right of adequate, effective and meaningful access to the courts[3], *Bounds v. Smith*, 430 U.S. 817, 828, 97

---

[2]*Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

[3]*Bounds* is generally grounded in the Fourteenth Amendment or in the federal statutory right to present a habeas corpus action in federal court.  *Bounds v. Smith*, 420 U.S. 817, 827-828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977).  *Bounds* buttressed its holding that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance by citations both to *Johnson v. Avery*, 393 U.S. 483, 485, 89 S.Ct. 747, 748, 21 L.Ed.2d 718 (1969)(grounded in 28 U.S.C. §§ 2241-2255)  and to *Wolff v. McDonnell*, 418 U.S. 539, 577-580, 94 S.Ct. 2963, 2985-88, 41 L.Ed.2d 935 (1974)(grounded in 14th Amendment Due Process rights).  It is interesting to note that, in his dissent to the *Bounds* majority opinion, then Justice Rehnquist, joined by Chief Justice Burger,  accused the Court of fashioning the fundamental right of access to the courts out of wholecloth without reference to the Constitution from which is was supposed to be derived.  *Bounds v. Smith*, 420 U.S. at 840, 97 S.Ct. 1504.  "[A] 'fundamental constitutional right of access to the courts,' . . . is found nowhere in the Constitution." *Id.*, 430 U.S. at 839, 97 S.Ct. at 1504 (Rehnquist, J., dissenting).

S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977), *overruled on other grounds*, so they will have "a reasonable opportunity to file nonfrivolous legal claims challenging [their] convictions or conditions of confinement." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999)(citing *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)).  From this right flows the requirement that "prison authorities . . . assist inmates in the preparation and filing of meaningful legal papers by providing . . . adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977), *overruled on other grounds*.  An inmate who claims to have suffered a deprivation of access to library resources must show he has suffered an actual injury[4] stemming from the defendants' unconstitutional conduct. *Lewis v. Casey*, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998)(without proving actual injury, the prisoner/plaintiff cannot prevail on an access-to-courts claim); *Chriceol v. Phillips*, 169 F.3d 313 (5th Cir. 1999).

        *Bounds* concerned post-conviction access to the courts and, it can be argued, is inapplicable to a detainee's right to self-representation in his trial.  Nevertheless, to the extent *Bounds* has any application to the present case involving a criminal defendant's right to represent himself, it does not give that defendant the right to demand that the State provide him with both options, access to a full law library and the assistance of counsel, so he may chose which option he will utilize.  That choice, under *Bounds*, belongs to the State.  The Sixth Amendment makes

---

[4]It is doubtful that plaintiff can show an actual injury at this point. He has not alleged any specific injury to date.

provision only for the assistance of counsel.  Therefore, if the State makes available the assistance of counsel, it has fulfilled its obligation under both *Bounds* and the Sixth Amendment.

The Fifth Circuit has held a defendant who rejects the assistance of court-appointed counsel has no constitutional right to access a law library in preparing a pro se defense of his criminal trial.  *Degrate v. Godwin*, 84 F.2d 768, 769 (5th Cir. 1996); *see, also, Degrate v. Toney*, 2009 WL 1309728, CA-08-1943 (W.D. La. May 11, 2009).  This holding is in accord with that of several other circuits on the same issue.  *See, e.g., United States v. Smith*, 907 F.2d 42, 45 (6th Cir.)(state does not have to provide law library access to defendants who wish to represent themselves), *cert. denied*, 498 U.S. 986, 111 S.Ct. 521, 112 L.Ed.2d 533 (1990); *United States ex rel George v. Lane*, 718 F.2d 226, 233 (7th Cir. 1983)(state not required to offer defendant law library access once it offered the defendant assistance of counsel); *United States v. Wilson*, 690 F.2d 1267, 1271 (9th Cir. 1982)(prisoner's Sixth Amendment right to self-representation does not include a right to conduct research at the government's expense), *cert. denied*, 464 U.S. 867, 104 S.Ct. 205, 78 L.Ed.2d 178 (1983); *Kelsey v. State of Minn.*, 622 F.2d 956, 958 (8th Cir. 1980)(holding that a prisoner's constitutional right of access to courts did not obligate officials to provide him with an adequate law library where alternative means of satisfying access to courts were available); *United States v. Chatman*, 584 F.2d 1358, 1360 (4th Cir. 1978)(obligation to provide access to the courts was satisfied by offering defendant the assistance of counsel); *Love v. Summit County*, 776 F.2d 908, 912-13 (10th Cir. 1985), *cert. denied*, 479 U.S. 814, 107 S.Ct. 66, 93 L.Ed.2fd 25 (1986)(pretrial detainee is not entitled to access a law library if other available means to access the court exist)(quoting *Bounds v. Smith*, 430 U.S. 817, 839, 987 S.Ct.

1491, 52 L.Ed.2d 72 (1977); *but see, Milton v. Morris*, 767 F.2d 1443 (9th Cir. 1985),

distinguishing *United States v. Wilson*, 690 F.2d 1267 (9th Cir. 1982) and *United States v.

Chatman*, 584 F.2d 1358 (4th Cir. 1978).

Plaintiff's claim lacks an arguable basis in law and is frivolous.  *Neitzke v. Williams*, 490

U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Lastly, the Court notes that, even if plaintiff had a right to access the law library to

prepare his own defense on the criminal charges he faces, the attachments he provided with his

Briefing Order response include a letter from the Judge of the 108th Judicial District Court, Potter

County, Texas, informing the Potter County Sheriff of the appointment of standby counsel and

stating that "whatever access to legal precedent, law library, or other similar facilities and

resources your jail routinely provides to unrepresented inmates, should be accorded to

[plaintiff]."

Plaintiff's criminal case is pending.  Plaintiff may certainly request any relief to which he

is entitled from the state court judge presiding over that pending criminal case.  Since the relief

plaintiff requests from this court involves the same matter as that already presented to the state

trial court, considerations of comity and federalism counsel against federal court intervention.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code,

sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is

the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the

Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff

GEORGE DARNELL BRADLEY be DISMISSED WITH PREJUDICE AS FRIVOLOUS.

IT IS SO RECOMMENDED.

ENTERED THIS 19th DAY OF JUNE 2009.

CLINTON E. AVERITTE

UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).